CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

MAY 12 2006

JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| PHILLIP GARBER, | ) Civil Action No. 1:06cv00005 |
| Plaintiff, | ) **MEMORANDUM OPINION** |
| v. | ) |
| LANCE, INC., | ) By: GLEN M. WILLIAMS |
| Defendant. | ) Senior United States District Judge |

This case was brought before this court by the plaintiff, Phillip Garber, ("Garber"), for violation of his rights under the Family and Medical Leave Act, ("FMLA"), 29 U.S.C. § 2601, *et seq*. This court has jurisdiction pursuant to federal question jurisdiction under 28 U.S.C. § 1331. Before this court is the motion of Lance Inc. ("Lance"), to dismiss for lack of subject matter jurisdiction, ("the Motion"), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Docket Item No. 3.)

## *I. Facts*

Garber was an employee at Lance for approximately 20 years nonconsecutively. Most recently, in December 2000, Garber was employed by Lance as a full-time route salesman in Richlands and the surrounding Tazewell County, Virginia, area.

Prior to being rehired by Lance in December 2000, Garber began regular psychiatric treatment under the supervision of Dr. Neil P. Dubner in Radford, Virginia. In the spring of 2003, Garber was hospitalized twice by Dr. Dubner because Garber's psychiatric condition had deteriorated. Lance accommodated Garber during each of these hospitalizations by allowing him time off from work, and in addition, by always granting him time off from work to attend his appointments with Dr. Dubner.

Approximately three weeks after Garber's last hospitalization on June 5, 2003, Dr. Dubner informed Garber that he believed it was advisable for Garber to take several days of medical leave from work. Garber informed Carson, his supervisor, of his need to miss several days of work, per Dr. Dubner's advice. Carson advised Garber that if he wanted to retain his job, then he had better report to work the following morning. Garber complied.

Garber continued working for Lance throughout the summer job and only missed half a day of work on three occasions, due to appointments with Dr. Dubner. Then on September 2, 2003, Garber suffered a psychiatric episode at work while making his deliveries. Garber immediately left work, went home and called Carson. Garber then called the Kingsport, Tennessee, office where he left a voice mail informing the office that his psychiatric condition had deteriorated and he had to take immediate medical leave for the rest of the day. At some point in time, Garber spoke with Joyce Shelton, an administrative assistant. Garber informed her that it was necessary for him to take a medical leave of absence and she permitted the request.

On September 5, 2003, Garber was informed by Stokes, Lance's District Manager, that his position with Lance was terminated. Stokes informed Garber that the reason for the termination was job abandonment. Stokes also informed Garber that every leave of absence required two week's notice. Since Garber had not complied with this employment requirement, he was considered to have abandoned his job.

Lance submitted the affidavit of Margaret Wicklund, Corporate Controller, Principal Accounting Officer and Assistant Secretary of Lance and also the affidavit of Johnny Stokes, Zone Manager for the Kingsport Zone. Both Wicklund and Stokes swore that at all relevant times prior to and preceding this lawsuit less than 50 Lance employees worked out of the Garber's Richlands, Virginia, worksite and less than 50 Lance employees worked within a 75-mile radius of Garber's worksite.

## II. Analysis

There are two ways to present 12(b)(1) motions for lack of subject matter jurisdiction. *See Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982). If the 12(b)(1) motion attacks subject matter jurisdiction, by asserting the that complaint "fails to allege facts upon which subject matter jurisdiction can be based" then "the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *See Adams,* 697 F.2d at 1219. On the other hand, when a 12(b)(1) motion to dismiss challenges the accuracy of the factual basis alleged for subject matter jurisdiction, "district courts should apply standards applicable to motions for

summary judgment, under which, the nonmoving party must set forth specific facts beyond the pleadings to show that genuine issue of material fact exists." *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States et al.*, 945 F.2d 765, 768 (4th Cir. 1991). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the motion to one for summary judgment." *See Richmond, Fredericksburg & Potomac R.R.*, 945 F.2d at 768. "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a mattter of law." 945 F.2d at 768.

In the Motion and accompanying memorandum in support of its motion, ("Lance's Brief"), (Docket Item No. 4), Lance argues that Garber's employment in the Richlands and greater Tazewell County, Virginia, areas was not covered by FMLA because Garber was not an eligible employee as defined by FMLA. In particular, Lance challenges Garber's assertion that Lance has more than 50 employees.

The definition of an eligible employee under FMLA excludes "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." *See* 29 U.S.C. § 2611(2)(B)(ii). This numerical requirement determines whether or not this court has subject matter jurisdiction to hear this case, and, thus, determines the fate of the defendant's motion. *See Hukill v. Auto Care, Inc.*, 192 F. 3d 437, 441-442 (4th Cir. 1999).

The plaintiff has proffered to the court, and asked the court to take judicial notice of the 2004, 10-K financial report that Lance submitted to the Security and Exchange Commission. The 10-K lists Lance Manfacturing, LLC; Caronuts, Inc.; Vista Bakery, Inc.; Cape Cod Potato Chip, Inc.; Lanhold Investments; Lanfin Investments; and Tamming Foods LTD as subsidiaries of Lance. The plaintiff also has proffered a report from Credit Risk Monitor that contains a list that shows that the defendant has six branches and nine additional business names. Apparently, the plaintiff wants the court to ascertain from this evidence that because of the number of branch offices, there must be more than 50 employees employed by Lance within the 75-mile radius of Garber's worksite, which is required by statute and, thereby, would make Garber an eligible employee under FMLA. These reports are the only evidence submitted by Garber regarding the number of employees at Lance. However, the evidence submitted by Garber does nothing to prove how many employees were employed by Lance at the Richlands worksite or within a 75-mile radius of the worksite.

Lance, to the contrary, proffered the affidavit of Margaret Wicklund, Corporate Controller, Principal Accounting Officer and Assistant Secretary of Lance and the affidavit of Johnny Stokes, Zone Manager for the Kingsport Zone. Both Wicklund and Stokes have swore that at all times relevant to this lawsuit, less than 50 employees worked at the Garber's Richlands, Virginia, worksite and within a 75-mile radius of Garber's worksite. That being the case, the court finds that there is no genuine dispute in material jursidictional fact and that Lance is entitled to prevail on its motion as a matter of law. Therefore, the court finds that Garber was not a eligible employee for FMLA purposes, and, thus, this court does not have subject matter

jurisdiction over this suit. The court will sustain the defendant's motion to dismiss, and an appropriate order will be so entered.

DATED: This 12th day of May, 2006.

/s/ Glen M. Williams
SENIOR UNITED STATES DISTRICT JUDGE